# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

KIM WIDEMOND,

     Plaintiff,

v.                                                  Case No. 3:25-cv-1033-MMH-LLL

CORECIVIC OF TENNESSEE,
LLC, and FLORIDA
DEPARTMENT OF
CORRECTIONS,

     Defendants.

_____

# O R D E R

**THIS CAUSE** is before the Court sua sponte. Plaintiff, Kim Widemond,

initiated this action in state court on August 8, 2025, by filing her Complaint

(Doc. 4). Defendant CoreCivic of Tennessee, LLC, removed the action to this

Court. See Defendant Core Civic of Tennessee, LLC's Notice of Removal (Doc.

1; Notice), filed September 3, 2025. Upon review of the Complaint, the Court

finds it is due to be stricken as an impermissible shotgun pleading with leave

given to Widemond to file a corrected complaint.

A complaint may not run afoul of the Eleventh Circuit's prohibition

against shotgun pleading. See generally Weiland v. Palm Beach Cnty. Sheriff's

Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of

impermissible shotgun pleadings).[1] Relevant here is the type of shotgun pleading that occurs when the plaintiff "commits the sin of not separating into a different count each cause of action or claim for relief." Id. at 1322–23; see, e.g., id. at 1323 n.13 (collecting cases). Indeed, Rule 10(b) requires that "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count … ." Rule 10(b); see also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (footnote omitted)).

---

[1] The Eleventh Circuit has summarized the four categories of shotgun complaints as follows:

> The first [category] is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

Barmapov v. Amuial, 986 F.3d 1321, 1324–25 (11th Cir. 2021) (quoting Weiland, 792 F.3d at 1321–23).

Here, because Widemond has failed to identify which claims she brings in which count of her Complaint, the Court—and Defendants—are left guessing as to the legal basis of her claims. As an initial matter, in the first paragraph of her Complaint, Widemond states that she brings her action "under the Florida Civil Rights Act … as well as Title VII of the Civil Rights Act of 1964 … ." See Complaint ¶ 1. However, Widemond fails to distinguish her claims under these two sources of law. Claims under the Florida Civil Rights Act and under Title VII are different claims and must be set forth in separate counts. Additionally, Widemond captions Count I a claim for "gender discrimination," see id. ¶¶ 23–32, and captions Count II a claim for "retaliation," see id. ¶¶ 33–39. But in paragraph 28 of her Complaint, Widemond states that Defendants' "known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment … ." Id. ¶ 28; see also Amaya v. Vilsack, No. 23-cv-22838-Altman/Reid, 2024 WL 1285162, at *3 (S.D. Fla. Mar. 26, 2024) (admonishing the plaintiff for "shift[ing] between different theories of [Title VII] liability—sometimes even in the same sentence"). Notably, Widemond does not appear to bring a claim for hostile work environment, despite including this allegation in her claim for "gender discrimination." See generally Complaint. Because hostile work environment, discrimination, and retaliation claims are each "founded on a separate

transaction or occurrence" and require the plaintiff to establish different facts, to the extent Widemond seeks to raise hostile work environment, discrimination, and retaliation claims, each such claim should be stated in a separately identified count. See Palmer v. Albertson's LLC, 418 F. App'x 885, 889 (11th Cir. 2011) (rejecting plaintiff's argument that he had adequately alleged a hostile work environment claim where the complaint contained only two counts—disability discrimination and retaliation). Similarly, if Widemond does not intend to bring a claim for hostile work environment, she should clarify that by removing the language that supports such a claim. See generally id.

In the Eleventh Circuit, shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable." (collecting cases)). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792 F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). Striking shotgun pleadings is more than just procedural formalism: as the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the

court and the court's parajudicial personnel and resources." <u>Cramer</u>, 117 F.3d at 1263. As such, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. <u>See</u> <u>id.</u> (admonishing district court for not striking shotgun complaint on its own initiative); <u>see also</u> <u>Weiland</u>, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead."). In light of the foregoing, the Court will strike Widemond's Complaint and direct her to file a corrected complaint. <u>See</u> <u>Holbrook v. Castle Key Ins. Co.</u>, 405 F. App'x 459, 460–61 (11th Cir. 2010) ("The district court has the inherent authority <u>sua</u> <u>sponte</u> to require the plaintiff to file a more definite statement.").

Accordingly, it is

**ORDERED:**

1.    Kim Widemond's Complaint (Doc. 4) is **STRICKEN**.

2.      Widemond shall file her corrected complaint consistent with the directives of this Order on or before **October 14, 2025**.[2] Failure to do so may result in the dismissal of this action.

3.      Defendants shall respond to the corrected complaint in accordance with the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida, on this 23rd day of September, 2025.

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Counsel of record

---

[2] The filing of the corrected complaint does not affect any right Widemond may have to amend as a matter of course under Rule 15(a)(1).